

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/25/2020

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| § | | |
| Juniper Specialty Products LLC, § | | |
| SGCE LLC § | | CASE NO. 20-33109 |
| § | | CASE NO. 20-33110 |
| Debtors. | | (Joint Administration Requested) |

**INTERIM ORDER GRANTING DEBTORS'S MOTION FOR AN INTERIM AND FINAL ORDER (1) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE TO THE DEBTORS; (2) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PAYMENT; AND (3) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR <u>ADDITIONAL ADEQUATE ASSURANCE</u>**

Upon consideration of the Emergency Motion for entry of an interim and final order (i) prohibiting utility companies from altering, refusing or discontinuing service to the Debtors; (ii) deeming utility companies adequately assured of future payment; and (iii) establishing procedures for determining requests for additional adequate assurance (the "*Motion*"), filed by Juniper Specialty Products LLC. and SGCE LLC.(together, the "*Debtors*"); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 ; and due and proper notice of the Motion having been provided; and the

relief requested being in the best interests of the Debtors and its estate and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefore; it is hereby

ORDERED that all capitalized terms not otherwise defined herein shall have the meanings

1

ascribed to such terms as set forth in the Motion; and it is further

ORDERED that the Debtors is authorized to pay, post-petition, in accordance with its pre-petition practices, all undisputed invoices for utility services provided by the Utility Companies to the Debtors, including the payment of amounts for the "stub" period of pre-petition utility service without the necessity for separate billings; and it is further

ORDERED that the Debtors is authorized to make a cash deposit to each requesting Utility Company in the respective, proposed amounts as set forth on **Exhibit A** to the Motion (the "*Adequate Assurance Deposit*"), provided that the Utility Company makes a request for adequate assurance under Section 366 of the Bankruptcy Code in writing (the "*Initial Request*") no later than twenty (20) days after the Petition Date (the "*Initial Request Deadline*"); and it is further

ORDERED that any Utility Company that requests and accepts a proposed Adequate Assurance Deposit shall be deemed to acknowledge and admit that such Adequate Assurance Deposit is adequate assurance of payment satisfactory to the Utility Company within the meaning of Section 366 of the Bankruptcy Code; and it is further

ORDERED that, absent any further order of this Court, the Utility Companies are prohibited from discontinuing, altering or refusing service on account of any unpaid pre-petition charges or requiring payment of an additional deposit or receipt of other security in connection with any unpaid pre-petition charges; and it is further

ORDERED that, if a Utility Company is not satisfied with the proposed adequate Assurance Deposit, the Utility Company must serve a written request (the "*Additional Request*")

upon the Debtors and its counsel (as set forth below) setting forth the location(s) for which utility services are provided, the account number(s) for such locations, the outstanding balance for each account, a summary of the payment history on each account and an explanation of why the proposed Adequate Assurance Deposit is inadequate assurance of payment; and it is further

ORDERED that the Request must be delivered to Debtors's counsel, Kilmer Crosby & Quadros PLLC, 712 Main Street, Suite 1100, Houston, Texas 77002 (Attn: Brian A. Kilmer, Esq.), so as to be actually received within twenty-five (25) days of the Petition Date (the "*Additional RequestDeadline*"); and it is further

ORDERED that, upon receipt by the Debtors of a Request at the addresses noted above, the Debtors shall have the greater of either (i) ten (10) days from the receipt of such Request or (ii) thirty (30) days after the Petition Date (the "*Resolution Period*") to negotiate with the requesting Utility Company to resolve the Request; and it is further

ORDERED that the Resolution Period may be extended by agreement between the parties; and it is further

ORDERED that, without further order of the Court, the Debtors may enter into an agreement granting additional adequate assurance to a Utility Company serving a timely Request if the Debtors, in its discretion, determines that the Request is reasonable; and it is further

ORDERED that, if the Debtors believes that a Request is unreasonable and is unable to resolve the Request during the Resolution Period, then the Debtors shall, upon expiration of the Resolution Period, request a hearing (the "*Hearing Request*") before this Court seeking a determination from the Court that the proposed Adequate Assurance Deposit, plus any additional

consideration offered by the Debtors, constitutes adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; and it is further

ORDERED that, pending the Hearing Request, the Utility Company that is the subject of the unresolved Request may not alter, refuse or discontinue services to the Debtors nor recover or set off against a pre-petition deposit; and it is further

ORDERED that any Utility Company that fails to make a timely Request shall be deemed to have been provided with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code; and it is further

ORDERED that, to the extent that any Utility Companies have been inadvertently omitted from the list of Utility Companies set forth on **Exhibit A** to the Motion, the Debtors is authorized to supplement the list without further order of the Court, so long as such request is made prior to the expiration of 30 days from the petition date; and it is further

ORDERED that, if the Debtors supplements the list of Utility Companies, the Debtors will serve a copy of the Motion and this order on any Utility Company that is added to the list by such a supplement (the "*Supplemental Service*"); and it is further

4

ORDERED that, if not already returned or applied, any Adequate Assurance Deposit provided to any Utility Company be returned to the Debtors at the conclusion of the case; and it is further

ORDERED that the Debtors may terminate the services of any Utility Company by providing written notice; and it is further

ORDERED that nothing in this order or the Motion shall be deemed to constitute an assumption of any executory contract under Section 365 of the Bankruptcy Code; and it is further

ORDERED that a final hearing to consider the Motion is scheduled for July 16, 2020, at 10:00 a.m., Central Standard Time, before the undersigned United States Bankruptcy Judge. Any objections to the relief requested must be filed with the Clerk of the Bankruptcy Court at least three (3) days before the Final Hearing on the Motion. This Interim Order shall remain in effect notwithstanding any objection until further Order of this Court; and it is further

ORDERED that, pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, the Debtors shall serve, within three (3) business days from the entry of this Order, a copy of this

5

Order by United States mail, first class postage prepaid, upon the Utilities Companies listed on **ExhibitA** to the Motion; the 30 largest unsecured creditors on a consolidated basis; the Office of the United States Trustee for the Southern District of Texas; the United States Attorney's Office; to the extent required by the Bankruptcy Code, Bankruptcy Rules or Local Rules; and any other party that has filed a request for notices with the Court since the filing of the Motion; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: June 25, 2020

_____
Marvin Isgur
United States Bankruptcy Judge