**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE : | § | |
| | § | **Chapter 7** |
| SGCE, LLC | § | |
| Debtor | § | **Case No. 20-33110** |

**TRUSTEE'S FIRST INTERIM APPLICATION
FOR ALLOWANCE AND PAYMENT
OF STATUTORY COMPENSATION UNDER 11 U.S.C. § 326**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers (the "Trustee"), in his capacity as duly-appointed Chapter 7 Trustee for the bankruptcy case of SGCE, LLC (referred to as the "Debtor") files this *First Interim Application for Allowance and Payment of Statutory Compensation Under 11 U.S.C. § 326* (the "Application").  In support of this Application, the Trustee respectfully states as follows:

# I.
## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Court has constitutional authority to enter a final order regarding this Application.  Sections 503, 326(a), and 330(a)(7) of the Bankruptcy Code have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594 (2011)).  In the alternative, allowance of payment of the Trustee's statutory fee pursuant to §§ 326(a) and 330(a)(7) of the Bankruptcy Code is an essential bankruptcy matter, triggering the "public rights" exception.  *See Id.*

# II.
## RELEVANT BACKGROUND FACTS

4.      On June 19, 2020, SGCE, LLC ("SGCE") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On July 16, 2020, the Court entered an order converting the SGCE case to Chapter 7.  The Trustee was duly appointed as the Chapter 7 trustee in the SGCE case.

5.      The Trustee has diligently and expeditiously worked to liquidate and administer assets in the Debtor's respective case.  The Trustee's gross receipts to date are $4,680,366.58 and the Trustee's total disbursements to date are $1,252,237.75.  Based on the Trustee's total disbursements to date, the Trustee's maximum trustee fee is $60,817.13.  The Trustee arrived at this amount based upon the following calculations shown in the attached **Exhibit A**.  Copies of

the Trustee's Forms 1 and 2 which reflect the Trustee's receipts and disbursements are attached hereto as **Exhibit B** and **Exhibit C** respectively. The Trustee is currently holding $3,428,128.83.

6.      By this Application, the Trustee seeks, on an interim basis, allowance and payment of his statutory fee already earned in the bankruptcy estate.   Specifically, the Trustee seeks authority to disburse $60,817.13 which amount represents the Trustee's statutory fee under §§ 326(a) and 330(a)(7) of the Bankruptcy Code.

### III.
### <u>RELIEF REQUESTED</u>

7.      Section 326(a) of the Bankruptcy Code provides for compensation of a Chapter 7 trustee based upon the following statutory "commission" assessed on amounts disbursed to creditors:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).  The trustee's statutory fee is not subject to § 330(a)(3)'s multi-factor test for reasonableness normally applicable to the hourly fees of estate professionals.  Rather, the trustee's compensation under § 326(a) of the Bankruptcy Code is subject to § 330(a)(7), which provides that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based upon section 326."  11 U.S.C. § 330(a)(7). "While in practice trustees are generally awarded the maximum fee, allowances are subject to the discretion of the court."  *In re Schautz*, 390 F.2d 797, 800-01 (2d Cir. 1968) (citing Snedecor, *Fees and Allowances in Straight Bankruptcy*, 40 Ref. J. 26 (1966)).

8.      Section 331 of the Bankruptcy Code provides that

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

9.      The Trustee requests, on an interim basis, allowance and payment of his statutory fee already earned in the bankruptcy estate.  The Trustee believes that the maximum statutory commission provided under § 326(a) is reasonable and appropriate in this instance.  The Trustee believes that he has earned the maximum statutory fee.

WHEREFORE, the Trustee respectfully requests that the Court enter an order allowing on an interim basis and authorizing disbursement to the Trustee of his maximum compensation under §§ 326(a) and 330(a)(7) of the Bankruptcy Code in the amount of $60,817.13. The Trustee also requests such other and further relief to which he may be justly entitled.

Respectfully Submitted,


By: /s/ Ronald J. Sommers
    Ronald J. Sommers
    Texas Bar No. 18842500
    rsommers@nathansommers.com
    2800 Post Oak Blvd., 61st Floor
    Houston, Texas 77056-5705
    Telephone: (713) 960-0303
    Facsimile: (713) 892-4800

**CHAPTER 7 TRUSTEE**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 13, 2022, a true and correct copy of the foregoing was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system. The undersigned further certifies that in accordance with Bankruptcy Local Rule 9013-1(f), the foregoing was served upon all parties listed on the attached Service List by no later than the next day after the filing

*/s/Ronald J. Sommers*
Ronald J. Sommers